GISKAN SOLOTAROFF & ANDERSON LLP
11 Broadway, Suite 2150
New York, New York 10004
(646) 964-9640
Jason L. Solotaroff
Aliaksandra Ramanenka
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

LYUDMILA OLEYNIKOVA,

          Plaintiff,                    Dkt. No.:  16-cv-3097

     -against-                         **COMPLAINT**

                                                  **JURY TRIAL DEMANDED**

FAMILY HOME CARE SERVICES OF BROOKLYN
AND QUEENS, INC.,

          Defendant.

------------------------------------------------------------------------X

Plaintiff Lyudmila Oleynikova, by her attorneys Giskan Solotaroff & Anderson LLP, for her complaint against Family Home Care Services of Brooklyn and Queens, Inc. ("FHCS") alleges as follows:

**Nature of the Action and Preliminary Statement**

1.      This is an action for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the New York City Human Rights Law ("NYCHRL"), for discrimination based on disability in violation of the NYCHRL, and for breach of contract due to Defendant's failure to pay Plaintiff her accrued paid time off ("PTO").

1

2. On October 3, 2015, Defendant FHCS terminated Ms. Oleynikova, a 67 year old home attendant, after Ms. Oleynikova requested a sick day.

3. After Ms. Oleynikova's termination, Defendant FHCS continued to retaliate and discriminate against her by failing to reinstate Ms. Oleynikova to her prior position despite a finding at a union hearing that her termination was unlawful, and despite Ms. Oleynikova's compliance with every pretextual requirement Defendant imposed upon her as a condition to reinstatement, including a "pre-hire competency test," which she successfully performed on March 1, 2016. After the test, FHCS' management and employees were discussing Ms. Oleynikova's age in a derogatory manner in her presence. FHCS' staff had made similar derogatory comments on prior occasions.

## THE PARTIES

4. Plaintiff Lyudmila Oleynikova is a 67 year old woman residing in Brooklyn, New York.

5. Defendant Family Home Care Services of Brooklyn and Queens, Inc. is a New York not-for-profit corporation, located at 168 Seventh Street, Brooklyn, New York 11215, that operates a home care staffing agency that assigns home health aides to work at clients' homes in and around Brooklyn and Queens.

## VENUE AND JURISDICTION

6. This Court has jurisdiction over Ms. Oleynikova's ADEA claim pursuant to 28 U.S.C. §1343 and §1331.  Ms. Oleynikova filed a complaint with the Equal Employment Opportunity Commission on April 21, 2016.  The EEOC issued a right to sue letter, attached hereto as Exhibit A, on May 20, 2016.  This Court has jurisdiction over Ms. Oleynikova's breach

of contract claim and claims under the New York City Human Rights Law pursuant to 28 U.S.C. §1367.

7.       Venue is properly before this Court as Defendant FHCS conducts business in this District, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

8.       This Court has personal jurisdiction over Defendant FHCS because it is a not-for-profit corporation incorporated under the laws of New York and is located in New York.

**THE FACTS**

9.       Ms. Oleynikova is a 67 year old woman.

10.      Ms. Oleynikova has approximately 20 years of experience in the home care industry.

11.      Ms. Oleynikova started her part time employment at FHCS as a home attendant in or about 2013, and until her termination on October 3, 2015, has been an exemplary employee: responsible, hardworking, and liked by her clients.

12.      Throughout her entire employment at FHCS and until the events giving rise to this complaint, Ms. Oleynikova has never missed a shift, took a vacation, or asked for a day off.

13.      At all relevant times at FHCS, Ms. Oleynikova rendered home attendant services to one FHCS client. Ms. Oleynikova cared for the client for 12 hours on Fridays at a rate of $10.00 per hour and 12 hours on Sundays at a rate of $11.10 per hour, totaling $253.20 per week.

14.      On Wednesday, September 30, 2015, Ms. Oleynikova underwent a medical procedure. Her physician cleared her to return to work on October 9, 2015.

15.      Ms. Oleynikova's next shift after the procedure was scheduled for Sunday, October 4, 2015.

16. On October 3, 2015, Ms. Oleynikova called FHCS to request a sick day. However, Ms. Oleynikova's coordinator at the time – Ms. Yana Krichevskaya – yelled at Ms. Oleynikova over the phone, accused her of being ungrateful and shameless, and told her that FHCS was terminating her work on the case. Ms. Krichevskaya also demanded that Ms. Oleynikova came to the office to give a written explanation for her "ungrateful behavior."

17. For the following month, Ms. Oleynikova attempted to get her job back but was harassed by FHCS' management. First, FHCS' in-house nurse requested that Ms. Oleynikova hand deliver a doctor's note to her, but refused to meet Ms. Oleynikova to receive the note. In addition, Ms. Krichevskaya called Ms. Oleynikova physician's office to inquire about the doctor's note and made disparaging remarks about Ms. Oleynikova to the physician's secretary. Ms. Krichevskaya also called the son of Ms. Oleynikova's client and made disparaging remarks about Ms. Oleynikova to him.

18. On November 4, 2015, a union hearing was held on the issue of Ms. Oleynikova's termination. The termination was declared unlawful and FHCS was ordered to either reinstate Ms. Oleynikova to her old case or assign her a new case.

19. Since the union hearing, Ms. Oleynikova has called FHCS multiple times asking for work, but FHCS has refused to assign Ms. Oleynikova to any cases. FHCS advised Ms. Oleynikova that she is listed in FHCS' computer system as "non active." Ms. Oleynikova's new coordinator – Ms. Marina – also told Ms. Oleynikova that FHCS was not going to reinstate her and that Ms. Oleynikova should be mindful of how old she is.

20. Ms. Marina also requested that Ms. Oleynikova be examined by FHCS' in-house nurse.

21.     After numerous calls from Ms. Oleynikova's union representative, FHCS agreed to reinstate Ms. Oleynikova on the condition that she undergo a pre-hire competency test. On March 1, 2016, Ms. Oleynikova took the test. The test lasted two hours and was administered by five examiners: Director of Client Services Ayanna Ross, two FHCS in-house nurses, and two union representatives.

22.     Ms. Oleynikova successfully performed every required task, which was documented on the test form by one of the nurses administering the test. The other nurse, however, handwrote at the bottom of the form that "[Ms. Oleynikova's] posture is poor with a forward bend, she cough and was upset about performing the tasks..."

23.     After the test, Ms. Ross, the nurse who handwrote the note above, and another FHCS's employee were openly discussing Ms. Oleynikova's family, making offensive comments about her age, and suggesting that Ms. Oleynikova should not work because her daughter works.

24.     After the March 1 test, Ms. Ross promised Ms. Oleynikova that there would be no further obstacles to her reinstatement. However, Nurse Marta again asked Ms. Oleynikova for a note from her physician.

25.     On March 3, 2016, Ms. Oleynikova faxed the note to FHCS. Since faxing the note, Ms. Oleynikova still has not been reinstated by Defendant.

**FIRST CLAIM FOR RELIEF**
(Age Discrimination in Violation of 29 U.S.C §621 et seq.)

26.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

5

27. Defendant discriminated against Plaintiff in the terms and conditions of her employment, and failed to rehire Plaintiff, based on her age, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C §621 et seq.

**SECOND CLAIM FOR RELIEF**
(Age Discrimination in Violation of New York City Human Rights Law)

28. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

29. Defendant discriminated against Plaintiff in the terms and conditions of her employment, and failed to rehire Plaintiff, based on her age, in violation of the New York City Human Rights Law.

**THIRD CLAIM FOR RELIEF**
(Discrimination Based on Disability in Violation of New York City Human Rights Law)

30. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

31. Defendant discriminated against Plaintiff in the terms and conditions of her employment, and failed to rehire Plaintiff, based on her actual or perceived disability, in violation of the New York City Human Rights Law.

**FOURTH CLAIM FOR RELIEF**
(Breach of Contract)

32. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

33. According to her employment contract with Defendant, Ms. Oleynikova was entitled to 1 hour of PTO for every 17 hours worked, up to 180 hours maximum in one fiscal year. Up to 120 hours could be carried from one fiscal year to the next.

34. At the time of her termination on October 3, 2015, Ms. Oleynikova accrued approximately 26 hours of PTO, for which FHCS has not yet paid in violation of its contractual obligations.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

**WHEREFORE**, Plaintiff demands judgment:

1. Requiring Defendants to reinstate Plaintiff to the position she held prior to termination, with all employee benefits incidental thereto; or in the alternative awarding front pay;

2. Enjoining Defendants, upon Plaintiff's reinstatement, from discriminating against Plaintiff on the basis of age, in the terms and conditions of her employment;

3. Awarding Plaintiff back pay;

4. Awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

5. Awarding Plaintiff punitive damages;

6. Awarding Plaintiff damages for Defendant's breach of contract, together with any interest on the sums owed, costs, and disbursements;

7. Awarding reasonable attorneys' fees, costs, and expenses, and,

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

Dated: New York, New York
June 14, 2016

        GISKAN, SOLOTAROFF & ANDERSON LLP

/s

By: Aliaksandra Ramanenka
aramanenka@gslawny.com
(646)964-9609
Jason L. Solotaroff
jsolotaroff@gslawny.com
(646)964-9640
11 Broadway, Suite 2150
New York, New York 10004
ATTORNEYS FOR PLAINTIFF